1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    Charles H Landwer,                    No. CV-24-03134-PHX-JAT

10                Plaintiff,               **ORDER**

11    v.

12    Royal Neighbors of America, US Funeral
      Expenses, and Unknown Party,

13

14                Defendants.

15          Pending before the Court is Plaintiff's motion to proceed in forma pauperis.  (Doc.

16    2).

17          Congress provided with respect to in forma pauperis cases that a
      district court "shall dismiss the case at any time if the court determines" that

18    the "allegation of poverty is untrue" or that the "action or appeal" is
      "frivolous or malicious," "fails to state a claim on which relief may be

19    granted," or "seeks monetary relief against a defendant who is immune from
      such relief."  28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines

20    how prisoners can file proceedings in forma pauperis, section 1915(e) applies
      to all in forma pauperis proceedings, not just those filed by prisoners.  *Lopez*

21    *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all
      in forma pauperis complaints").  "It is also clear that section 1915(e) not only

22    permits but requires a district court to dismiss an in forma pauperis complaint
      that fails to state a claim."  *Id.*  Therefore, this court must dismiss an in forma

23    pauperis complaint if it fails to state a claim or if it is frivolous or malicious.
      "[A] complaint, containing both factual allegations and legal conclusions, is

24    frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v.*
      *Williams*, 490 U.S. 319, 325 (1989).  Furthermore, "a finding of factual

25    frivolousness is appropriate when the facts alleged rise to the level of the
      irrational or wholly incredible, whether or not there are judicially recognized

26    facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33
      (1992).  "A case is malicious if it was filed with the intention or desire to

27    harm another."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

28    *Kennedy v. Andrews*, 2005 WL 3358205, *2-3 (D. Ariz. 2005).

Here, Plaintiff, pro se, filed a 30-page complaint alleging violations of the Telephone Consumer Protection Act ("TCPA"). (Doc. 1 at 2).  Plaintiff states that he is a resident of Illinois, and maintains his address in Illinois, but currently "resides" in Maricopa County, Arizona. (Doc. 1 at 3).  Plaintiff claims that the two named Defendants principal places of business are in Illinois and Washington.  (*Id.*).  As for the Doe Defendant, Plaintiff alleges that his true name may be Thomas Greene and that he works for one of the other Defendants.  Plaintiff does not allege a citizenship for Mr. Greene.

In screening a complaint under 28 U.S.C. § 1915(e)(2), it is appropriate for this Court to also screen the complaint for personal jurisdiction and venue.  *Murray v. King Cnty. Ct.*, No. 3:23-CV-01899-AR, 2024 WL 169681, at *1 (D. Or. Jan. 16, 2024); *Packwood v. County of Contra Costa*, Case No. 3:22-cv-0219-ART-CLB, 2023 WL 2349390, at *3 (D. Nev. Mar. 2, 2023).  For this Court to have venue over this case, and to potentially have personal jurisdiction over Defendants, the acts underlying this case must have occurred in Arizona.

At the beginning of the complaint, Plaintiff makes several conclusory, boilerplate[1] and unsupported statements about venue and personal jurisdiction, including an allegation that the acts, events or omissions giving rise to the complaint occurred in Arizona.  (Doc. 1 at 2, ¶ 3).  However, Plaintiff's non-boilerplate, specific allegations about this particular case are limited to paragraphs 75, 82, 84-93, and 105.  These paragraphs detail Plaintiff receiving a call.  However, these paragraphs never reference Arizona in any way. Further, the address Plaintiff uses on his complaint reflects that Plaintiff is receiving his mail in Illinois.  The phone number at which Plaintiff claims to have received the call in this case has a Chicago, Illinois area code.

Further, although Plaintiff specifies that he received a call on November 9, 2024, he does not specify that he was in Arizona at the time of the call.  And even if he was in Arizona, he does not allege that Defendants would have any reason to know that he was in

---

[1]  As an example of boilerplate language, Plaintiff refers to Defendants as "Defendant(s)" and uses the verb "is/are" to refer to the Defendants' alleged presence in Arizona. (Doc. 1 at 2).  Plaintiff should know how many Defendants are present in his own case and must allege each Defendant's contacts with Arizona individually.

Arizona such that they availed themselves of this jurisdiction.[2]  For these reasons, the Court is doubtful that venue is appropriate in this district or that the Court has personal jurisdiction over Defendants.

Thus,

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that within 21 days of this Order, Plaintiff must file a supplement to the complaint (or an amended complaint) making specific, non-conclusory allegations that would support his conclusions that venue is present in this district and that this Court has personal jurisdiction over Defendants.  If Plaintiff fails to comply with this Order, this case will be dismissed, without prejudice.

Dated this 15th day of November, 2024.

James A. Teilborg
Senior United States District Judge

---

[2]  The Court notes that Plaintiff claims to have received the call on a cellular phone, which makes it at least possible that the phone and Plaintiff were in Arizona at the time of the call.  However, as indicated above, Plaintiff does not allege that he was in Arizona.  Nor does he allege how Defendants would know that by calling a Chicago number they were creating contacts with Arizona.