**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles H Landwer, | No. CV-24-03134-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Royal Neighbors of America, US Funeral Expenses, and Unknown Party, | |
| Defendants. | |

Plaintiff, who has been granted in forma pauperis status, has moved to have the Marshals serve his complaint. (Doc. 9). Generally, once in forma pauperis status has been granted, if a Plaintiff requests Marshal service, the Court must grant the request. *See Boudette v. Barnette*, 923 F.2d 754, 756–57 (9th Cir. 1991).

However, the Court notes that there appears to be a pattern by this particular Plaintiff wherein when he receives one telemarketing call, he files suit over that one call. This pattern has resulted in Plaintiff filing four lawsuits in six weeks against the same Defendant: US Funeral Expenses. (*See* CV 24-2930-PHX-DMF; CV 24-3064-PHX-KML; CV 24-3471-PHX-KML and this case).

The Court charging a filing fee forces a litigant to consolidate related cases rather than expend extra personal resources. As the Supreme Court has noted, Congress understood this potential abuse of the in forma pauperis statute. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (finding Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive

to refrain from filing frivolous, malicious, or repetitive lawsuits.").

Here, the Court questions whether each of Plaintiff's cases should have been filed separately, and indeed whether Plaintiff would have pursued this strategy if he was required to pay the filing fee. Plaintiff is cautioned that an abuse of the in forma pauperis statutes could result in such status being denied or revoked. *See Aziz v. Burrows,* 976 F.2d 1158, 1158 (8th Cir. 1992) (finding that the district court can dismiss duplicative or repetitive lawsuits under 28 U.S.C. § 1915); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (same).

Here, because each case appears to be based on a different call, albeit from the same Defendant allegedly selling the same service, the cases are not exactly the same. However, duplicative for purposes of the statute includes that, "district courts may dismiss a duplicative complaint raising issues **directly related** to issues in another pending action brought by the same party." *Aziz*, 976 F.2d at 1158 (emphasis added).

The practical implications in this case include that Plaintiff is trying to obtain Marshal service on US Funeral Expenses repeatedly in Florida. (*See, e.g.,* Doc. 11 at 1, 3). Indeed, Plaintiff is trying to serve them twice in this case alone. (*Id*.).

Thus, although the Court has granted in forma pauperis status and allowed Plaintiff's case to proceed rather than the extreme remedy of dismissal, the Court nonetheless finds that Plaintiff is abusing the in forma pauperis status by repetitively filing one case per call and thereafter seeking Marshal service multiple times on the same Defendant for the same behavior. As a result,

**IT IS ORDERED** that the motion for service by the Marshals (Doc. 9) is denied. Plaintiff must serve within the time limits of Federal Rule of Civil Procedure 4(m).

Dated this 16th day of December, 2024.

James A. Teilborg
Senior United States District Judge