**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles H Landwer,<br><br>   Plaintiff,<br><br>v.<br><br>Royal Neighbors of America, et al.,<br><br>   Defendants. | No. CV-24-03134-PHX-JAT<br><br>**ORDER** |

The Court has twice reminded Plaintiff that he must serve the Defendants within the deadline set in Federal Rule of Civil Procedure 4(m). (Docs. 8, 12). The complaint in this case was filed on November 12, 2024, making service due by February 10, 2025. Plaintiff did not serve by this deadline.

Instead, on February 24, 2025, Plaintiff filed a status report. (Doc. 13). In this status report, Plaintiff recounted his efforts to serve, and stated that Plaintiff believes he will accomplish service within 60 days.

However, Plaintiff cannot serve beyond the time limit of Federal Rule of Civil Procedure 4(m) without leave of court. There are two routes for the Court to extend time under Rule 4(m). *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

> The first is mandatory. Based upon the plain language of that Rule, "the district court **must** extend time for service upon a showing of good cause." *Lemoge*, 587 F.3d at 1198.
>
> The second is discretionary. Notwithstanding Rule 4(m), "if good cause is not established, the district court **may** extend time for service upon a showing of excusable neglect." *Id.*

> Engaging in the two-step analysis which the Ninth Circuit requires, the court will first consider whether on this record there is good cause, thus mandating an extension of time for service under Rule 4(m). *See In re Sheehan*, 253 F.3d at 512. Courts must determine whether good cause "has been shown on a case by case basis." *Id*.

*Trueman v. Johnson*, 2011 WL 6721327, *3 (D. Ariz. December 21, 2011) (cleaned up).

To establish good cause, Plaintiff must show: 1) excusable neglect; 2) the party to be served received actual notice of the suit; 3) the party to be served would suffer no prejudice; and 4) Plaintiff would suffer severe prejudice if the complaint were dismissed. *Lemoge*, 587 F.3d at 1198. In the absence of good cause, the Court must proceed to the second route, and decide whether, in its discretion, to extend the prescribed time for service. The Ninth Circuit Court of Appeals has declined to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)[,]" noting "that, under the terms of the rule, the court's discretion is broad." *Gill v. Waikiki Lanai, Inc.*, 2011 WL 3648772, at *7 (D. Hawai'i Aug.18, 2011) (quoting *In re Sheehan*, 253 F.3d at 513 (citation omitted)).

However, that broad discretion is not limitless. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test...." *Trueman*, 2011 WL 6721327 at *5.

> That four-factor equitable test requires, at a minimum, examination of: 1) the danger of prejudice to the opposing party;[1] 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay;[2] and 4) whether the movant acted in good faith. *Ahanchian*, 624 F.3d at 1261. Those four enumerated factors are "not an exclusive list," however. *Lemoge*, 587 F.3d at 1195. "In some circumstances, the prejudice a denial would cause to the movant must also be considered, but it is not a fact that must be assessed in each and every case." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1092 (9th Cir. 2010). Thus, "what sorts of neglect will be considered 'excusable' ... is at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395.

---

[1] "Prejudice to defendants 'requires greater harm than simply that relief would delay the resolution of the case.'" *Trueman*, 2011 WL 6721327, *4 (quoting *Lemoge*, 587 F.3d at 1196).

[2] The Court of Appeals has instructed that excusable neglect encompasses "negligence" and "carelessness." *Lemoge*, 587 F.3d at 1192.

*Id*. at *6 (cleaned up, footnotes added).

Here, Plaintiff has not addressed good cause or excusable neglect as to each of the three Defendants in his status report. Therefore, the Court will not construe it as a motion for extension of time. However, construing the filing liberally, it appears Plaintiff does seek more time to serve.

Therefore,

**IT IS ORDERED** that by March 14, 2025, Plaintiff must file a motion to extend the deadline to serve the complaint (applying the standards discussed herein as to each Defendant) or this case will be dismissed for failure to timely serve.

Dated this 27th day of February, 2025.

James A. Teilborg
Senior United States District Judge