**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles H Landwer, | No. CV-24-03134-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Royal Neighbors of America, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Charles H. Landwer's ("Plaintiff") motion for extension of time to serve the summons and the complaint. (Doc. 15). For the following reasons, the Court will grant the motion.

**I.   ANALYSIS**

**a.  Notice of Proof of Service: Defendant Royal Neighbors of America**

After filing his motion for extension of time for service, Plaintiff filed a notice of proof of service for Defendant Royal Neighbors of America ("Royal Neighbors"). (Doc. 19). Because Royal Neighbors is domiciled in Illinois, (Doc. 1 at 3), it is a foreign insurer under state law[1] and service of process "shall be made **only** by service of process upon the director."[2] Ariz. Rev. Stat. § 20-221(B) (emphasis added). In this context, "director" means

---

[1] Royal Neighbors is listed in the Arizona system of the National Association of Insurance Commissioners as having a domicile type of "foreign," in the state of Illinois. *Company Lookup*, Nat'l Ass'n of Ins. Comm'rs, https://sbs.naic.org/solar-external-lookup/lookup/company/summary/49209336?jurisdiction=AZ (last visited March 25, 2025).

[2] Because serving the Director of the Arizona Department of Insurance and Financial Institutions is the only way to effectuate service upon Royal Neighbors under Arizona law, the Court need not address Plaintiff's attempt to serve Royal Neighbors directly via

1  the Director of the Arizona Department of Insurance and Financial Institutions ("ADIFI").

2  Plaintiff claims that the summons and complaint "were provided" to the Director of the ADIFI on March 12, 2025. (Doc. 19 at 2). However, Plaintiff does not say *who* provided the summons and the complaint to the Director. Under Federal Rule of Civil Procedure 4(c)(2), a party to the lawsuit may <u>not</u> serve the summons and complaint. In other words, service of process is not complete if Plaintiff himself served the Director. Without proof that someone other than Plaintiff completed service, the Court does not find service completed at this time. The Court will therefore consider Plaintiff's motion for extension of time for service as it pertains to all three Defendants.

### b. Motion for Extension of Time

#### i. Legal Standard

There are two ways that the Court may extend the time for service set by Federal Rule of Civil Procedure 4(m). *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

> The first is mandatory. Based upon the plain language of that Rule, "the district court **must** extend time for service upon a showing of good cause." *Lemoge*, 587 F.3d at 1198.
>
> The second is discretionary. Notwithstanding Rule 4(m), "if good cause is not established, the district court **may** extend time for service upon a showing of excusable neglect." *Id.*
>
> Engaging in the two-step analysis which the Ninth Circuit requires, the court will first consider whether on this record there is good cause, thus mandating an extension of time for service under Rule 4(m). *See In re Sheehan*, 253 F.3d at 512. Courts must determine whether good cause "has been shown on a case by case basis." *Id.*

*Trueman v. Johnson*, No. CV 09-2179-PHX-RCB, 2011 WL 6721327, at *3 (D. Ariz. Dec. 21, 2011) (cleaned up).

#### ii. Analysis

Plaintiff "believes he can show good cause for the failure to timely serve Defendants Royal Neighbors of America and US Funeral Expenses,"[3] and he says that his "inability to

---

certified mail. (*See* Doc. 19 at 2-3).
[3] For an unknown reason, Plaintiff omitted reference here to Defendant John Doe I, referred to as Thomas Greene in the complaint.

effectuate timely service is not attributable to [his] lack of diligence or efforts but rather the efforts of the Defendants in evading service." (Doc. 16 at 7). The Court will first analyze whether Plaintiff has made a showing of good cause such that a mandatory extension of time is warranted. If the Court finds Plaintiff has not shown good cause, the Court still may grant the motion under its discretionary power.

"Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." *Trueman*, 2011 WL 6721327, at *3 (quoting *Lemoge*, 587 F.3d at 1198 n. 3). "To determine whether the plaintiff's failure to serve constitutes 'excusable neglect,' the court should examine the following factors: (1) the danger of prejudice to the defendant; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Pember v. Ryan*, No. CV-11-2332-PHX-SMM, 2014 WL 3397735, at *3 (D. Ariz. July 11, 2014). The Court should also consider whether the party to be served received actual notice of the suit and whether Plaintiff would suffer severe prejudice if the complaint were dismissed. *Lemoge*, 587 F.3d at 1198.

Here, Plaintiff generally argues that "[t]he Defendants would not suffer any harm or prejudice if the Plaintiff were allowed an additional period of time to serve them" because "[a]ll the Defendants are aware of the pending matter and have received a copy of the Summons and Complaint." (Doc. 16 at 7). The Court agrees that any prejudice to the defendants is minimal. Conversely, Plaintiff argues that he "would suffer prejudice if the matter were dismissed" because he "would be forced to refile the matter" and would have to re-attempt to serve Defendants which would result in him "be[ing] in the same position." (Doc. 16 at 7). The Court agrees, but because Plaintiff would have the opportunity to refile this suit, the Courts finds this factor neutral.

The Court adds that Plaintiff filed the complaint in this case on November 12, 2024 and service was originally due by February 10, 2025. Plaintiff did not serve by this deadline, but instead filed a status report on February 24, 2025, (Doc. 13), in which Plaintiff recounted his efforts to serve and stated that he believed he would accomplish service

within 60 days. The Court directed Plaintiff to file the instant motion, (Doc. 14), which Plaintiff did on March 10, 2025, (Doc. 15). Plaintiff now asks the Court to give him until May 15, 2025. (Doc. 16 at 9). In sum, Plaintiff asks for a total of 94 additional days to effect service. The Court finds this length of delay to be insignificant. *Cf. Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (finding seven-year delay "extraordinary").

The Court also recognizes that it denied Plaintiff's motion for service by the Marshals, (Docs. 9, 12), and that Plaintiff has made subsequent efforts to serve defendants. Although Plaintiff has not been successful, there is no basis for the Court to conclude that Plaintiff is not acting in good faith.

Moreover, it appears that both Royal Neighbors and US Funeral Expenses have received actual notice of the suit. Plaintiff received a United States Postal Service return receipt from Hannah Lupinski of Royal Neighbors. (Doc. 16 at 4). Plaintiff also "spoke with the management at Royal Neighbors of America" and has the impression that Royal Neighbors will "process the Waiver of Service." (Doc. 16 at 4-5). While this may be enough to suggest that Royal Neighbors has actual notice of the suit, as the Court noted above, Plaintiff may not serve Royal Neighbors via mail or a process server.

Plaintiff separately sent "a Waiver of Service with a copy of the Summons and Complaint" to US Funeral Expenses, via certified mail with a return receipt requested. (Doc. 16 at 3, 6). It does not appear that Plaintiff received a return receipt from US Funeral Expenses. However, Plaintiff does claim that he "received a telephonic response" from the "purported president" of US Funeral Expenses, Jubran Abdulaziz. (Doc. 16 at 4). This suggests that US Funeral Expenses also has actual notice of the suit. Plaintiff also says he "contracted with a Private Service of Process firm" to serve US Funeral Expenses. (Doc. 16 at 5). That process server seemingly made multiple attempts at service but was ultimately unsuccessful. (Doc. 16 at 5). Plaintiff therefore "is in the process of contracting with" a different private process server. (Doc. 16 at 6). Upon consideration of all the factors, the Court finds Plaintiff has shown good cause for his delay in serving defendants.

Even if Plaintiff has not shown good cause, the Court can still grant Plaintiff's

motion under its discretionary authority. The Ninth Circuit Court of Appeals has declined to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)[,]" noting "that, under the terms of the rule, the court's discretion is broad." *Gill v. Waikiki Lanai, Inc.*, 2011 WL 3648772, at *7 (D. Hawai'i Aug. 18, 2011) (quoting *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) (citation omitted)). "In making extension decisions under the court's discretionary powers, a court may consider the excusable neglect factors as stated above, including 'a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Pember*, 2014 WL 339773, at *4 (quoting *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007)). The Court incorporates its analysis of excusable neglect above.[4] Finding no additional considerations relevant, the Court finds an extension of time appropriate under the Court's discretionary power.

### iii. Defendant John Doe I

The Court notes that Plaintiff's motion often omits reference to Defendant John Doe I, primarily referred to as "Thomas Greene" in the complaint. (*See, e.g.,* Doc. 16 at 2 ("Plaintiff believes he can show good cause for the failure to timely serve Defendants Royal Neighbors of America and US Funeral Expenses."); Doc. 16 at 9 ("Plaintiff respectfully requests an extension . . . in which to serve the Defendants, Royal Neighbors of America and US Funeral Expenses. . .")). Plaintiff does say that he "sent the *three* Defendants" the summons and complaint via certified mail, return receipt requested, but as the Court notes above, Plaintiff himself <u>cannot</u> serve Defendant Greene because Plaintiff is a party to the suit. *See* Fed. R. Civ. P. 4(c)(2).

## II.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion for extension of time to serve, (Doc. 15), is **GRANTED**. The deadline to serve Defendants Royal Neighbors of America, US Funeral

---

[4] "Since excusable neglect is the benchmark for both mandatory and discretionary extension of time, the two standards are often conflated." *Pember*, 2014 WL 3397735, at *5. Here, the Court chose to analyze whether excusable neglect exists in its discussion of whether a mandatory extension of time must be granted. However, the same analysis is applicable to the Court's decision in whether to grant a discretionary extension.

1   Expenses, and John Doe I[5] is May 15, 2025. Any motion for alternative service or motion
2   for additional time to serve is also due by May 15, 2025. **If Plaintiff fails to comply with**
3   **this Order, any unserved Defendants will be dismissed.**
4       Dated this 4th day of April, 2025.

                                                    James A. Teilborg
                                                    Senior United States District Judge

---

[5] Once Plaintiff is aware of Defendant John Doe I's real name, Plaintiff must file an amended complaint substituting that name. *See* Fed. R. Civ. P. 15(a)(2); *Ivan v. Wells Fargo Bank, N.A.*, CV 12-1065-PHX-JAT, 2012 WL 3095050, at *2 (D. Ariz. July 30, 2012) (citing Fed. R. Civ. P. 10(a)) ("Generally, the Federal Rules of Civil Procedure do not permit the use of Doe defendants.").