**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles H Landwer, | No. CV-24-03134-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Royal Neighbors of America, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Charles Landwer's "Application for Entry of Default against Defendant Royal Neighbors of America," (Doc. 21). Plaintiff cites Doc. 19 as evidence that Defendant Royal Neighbors of America was properly served. (Doc. 21 at 2, 5). However, as explained by the Court in a prior Order, (Doc. 20), Plaintiff's proof of service at Doc. 19 is insufficient:

> After filing his motion for extension of time for service, Plaintiff filed a notice of proof of service for Defendant Royal Neighbors of America ("Royal Neighbors"). (Doc. 19). Because Royal Neighbors is domiciled in Illinois, (Doc. 1 at 3), it is a foreign insurer under state law[1] and service of process "shall be made **only** by service of process upon the director."[2] Ariz. Rev. Stat. § 20-221(B) (emphasis added). In this context, "director" means the Director of the Arizona Department of Insurance and Financial Institutions ("ADIFI").

_____

[1] Royal Neighbors is listed in the Arizona system of the National Association of Insurance Commissioners as having a domicile type of "foreign," in the state of Illinois. *Company Lookup*, Nat'l Ass'n of Ins. Comm'rs, https://sbs.naic.org/solar-external-lookup/lookup/company/summary/49209336?jurisdiction=AZ (last visited March 25, 2025).

[2] Because serving the Director of the Arizona Department of Insurance and Financial Institutions is the only way to effectuate service upon Royal Neighbors under Arizona law, the Court need not address Plaintiff's attempt to serve Royal Neighbors directly via certified mail. (*See* Doc. 19 at 2-3).

Plaintiff claims that the summons and complaint "were provided" to the Director of the ADIFI on March 12, 2025. (Doc. 19 at 2). However, Plaintiff does not say *who* provided the summons and the complaint to the Director. Under Federal Rule of Civil Procedure 4(c)(2), a party to the lawsuit may <u>not</u> serve the summons and complaint. In other words, service of process is not complete if Plaintiff himself served the Director. Without proof that someone other than Plaintiff completed service, the Court does not find service completed at this time.

(Doc. 20 at 1-2 (footnotes in original)).

Three days after filing the pending motion, Plaintiff filed another, separate proof of service. (Doc. 22). There, Plaintiff claims the ADIFI was served. (Doc. 22 at 2). But, again, Plaintiff does not say *who* served the ADIFI, and Plaintiff attaches no additional proof of service.[3] Plaintiff also explains that he sent copies of the pending motion to Royal Neighbors' counsel and another lawyer, whose role in this case is unclear. These efforts are irrelevant because there is only one way to serve Royal Neighbors, as detailed above, and there is no proof that that has occurred. Because Plaintiff has failed to prove proper service under Federal Rule of Civil Procedure 4, the Clerk of the Court may not enter default under Federal Rule of Civil Procedure 55(a).

Accordingly,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] Plaintiff claims his complaint was "served on the Defendant, Royal Neighbors of America on 13 March 2025, by having the Arizona Department of Insurance and Financial Institutions served." (Doc. 22 at 2). It is unclear how this was accomplished, or if the Director of the ADIFI was served, as is required.

1    **IT IS ORDERED** that Plaintiff's Application for Entry of Default, (Doc. 21), is

2    **DENIED** without prejudice.

3    The deadline to serve Defendants Royal Neighbors of America, US Funeral

4    Expenses, and John Doe I[4] is May 15, 2025. Any motion for alternative service or motion

5    for additional time to serve is also due by May 15, 2025. **If Plaintiff fails to comply with**

6    **this Order, any unserved Defendants will be dismissed.**

7    Dated this 2nd day of May, 2025.

8

9

10    _____

11    James A. Teilborg
      Senior United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    [4] Once Plaintiff is aware of Defendant John Doe I's real name, Plaintiff must file an
      amended complaint substituting that name. *See* Fed. R. Civ. P. 15(a)(2); *Ivan v. Wells*

28    *Fargo Bank, N.A.*, CV 12-1065-PHX-JAT, 2012 WL 3095050, at *2 (D. Ariz. July 30,
      2012) (citing Fed. R. Civ. P. 10(a)) ("Generally, the Federal Rules of Civil Procedure do
      not permit the use of Doe defendants.").